UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14041-CIV-MARTINEZ/MAYNARD

WILLIAM SACCO, on behalf of himself
and all others similarly situated,

　　Plaintiff,

v.

AARP, INC., AARP SERVICES INC.,
AARP INSURANCE PLAN,
UNITEDHEALTH GROUP, INC., and
UNITED HEALTHCARE INSURANCE
COMPANY,

　　Defendants.
_____/



## ORDER ON JOINT MOTION FOR CONFIDENTIALITY ORDER [D.E. 57]

**THIS CAUSE** comes before this Court upon the above-referenced Motion in which the parties request a confidentiality order to maintain information produced in discovery as confidential. This Court enters the parties' Stipulated Confidentiality Order separately. This Court uses this Order to add additional provisos. To the extent there is any inconsistency between the Stipulated Confidentiality Order and this Order, this Order governs. The goal of these additional provisos is to encourage the parties to think of ways to produce sensitive information in discovery that minimizes the need for the confidentiality designation and that minimizes the need to file evidence under seal. They are merely general points to keep in mind. To that end, this Court finds as follows:

　　1.　　This Court reminds the parties that they need leave of Court before they may file something under seal. This Court reminds the parties to follow Local Rule 5.4 <u>strictly</u>. To the

extent there is any inconsistency between Local Rule 5.4 and the Stipulated Confidentiality Order, Local Rule 5.4 controls.

2. This Court also offers the general reminder to use the confidential designation only where it is genuinely needed. That is, to apply it as narrowly as possible, limiting it as much as possible to discrete items of evidence and reserving it for those matters that genuinely warrant it. The parties shall refrain from the excessive and overbroad use of the confidential designation. The excessive and overbroad use of the confidential designation implies that there is no real need for such protection in the first place.

3. The excessive and overbroad use of the confidential designation hampers litigation in practical ways. While the proposed order might ease the sharing of discovery, soon enough there will be need for the parties to begin proffering evidence to the Court in support of dispositive motions and eventually at trial. This Court reminds the parties of the strong public policy, expressed at Local Rule 5.4(a), that Court proceedings "are public and Court filings are matters of public record." Overuse of the confidential designation hinders the ability to litigate a case openly. This Court's experience has shown that the overuse of confidential designations results in too many matters—or indeed the entire body of evidence—being proffered to the Court under seal. The sealing of filings is instead an extraordinary remedy to be used sparingly. This Court reminds the parties that if they seek to file something under seal, they must make a clear demonstration of good cause.

4. The parties therefore shall keep in mind alternative means of handling sensitive information other than designating it as confidential pursuant to the terms of their Stipulated Confidentiality Order. The parties shall explore such alternatives, such as redaction, for protecting confidential information that will make it easier to proffer it as evidence.

It is therefore,

**ORDERED AND ADJUDGED** that the Motion, [D.E. 57], is **GRANTED**. This Court enters the parties' Stipulated Confidentiality Order separately.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 8th day of August, 2018.

*[signature]*
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE