UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 18-14041-CIV-MARTINEZ-MAYNARD

WILLIAM SACCO, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

AARP, INC., AARP SERVICES INC.,
AARP INSURANCE PLAN,
UNITEDHEALTH GROUP, INC., and
UNITEDHEALTHCARE INSURANCE
COMPANY,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS [D.E. 68]

**THIS CAUSE** comes before this Court upon the above-referenced Motion. On September 18, 2018, the Court held a telephonic hearing. Counsel for Plaintiff William Sacco was present, as well as counsel for Defendants AARP, Inc., AARP Services Inc., and AARP Insurance Plan (collectively "AARP") and counsel for UnitedHealth Group Inc. and United Healthcare Insurance Company (collectively "UnitedHealth"). The Court has considered the record, as well as the argument of counsel during the hearing. For the reasons stated at the hearing, which are incorporated in this Order, the Court orders as follows:

    1.    With respect to Request for Production #26 regarding documents related to any "marketing campaign audits" or "analysis" as described in ¶ 51(e) of the Complaint, Plaintiff's Motion is **DENIED**, except that Defendants shall produce emails, communications and

1

correspondence between AARP and UnitedHealth's marketing group/division pertaining to AARP's role in marketing Medigap policies.

2. With respect to Request for Production #8 regarding all documents related to the division of commissions and/or royalties that UnitedHealth paid to AARP, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motion is **GRANTED IN PART** in that Defendants shall produce communications and presentations regarding Defendants' decision to characterize or structure payments to AARP as "royalties," instead of as "allowances," "commissions," or some other term, regardless of whether those communications and documents date back to the 1990s. Defendants shall make a good faith effort to locate any responsive documents that still exist and to provide said documents to the Plaintiff. To the degree such documents no longer exist, Defendant shall certify the same and describe the good faith efforts that were made. Plaintiff's Motion is **DENIED IN PART** in that Defendants are not required to produce information regarding negotiations or communications between the parties about the specific amounts of or percentages of any royalties, or about the Defendants' methodology for calculating such amounts or percentages, since that information is not relevant to the claims or defenses in this case. Plaintiff's Motion is **DENIED AS MOOT** to the degree it requests disclosures to consumers in Florida about royalties because Defendants have already complied with Plaintiff's request in this regard.

3. With respect to Request for Production #29 regarding documents related to federal or state government investigations or hearings into AARP Medigap policies, Plaintiff's Motion is **GRANTED**. Plaintiff argues that documents related to or produced in government investigations into payments AARP receives for Medigap policies or AARP's role with respect to those policies are relevant here. This Court agrees. Under the Federal Rules, parties "may

2

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). "[T]he alleged wrongful conduct at issue in [an underlying suit], of course, is critical to determining the scope of permissible discovery." *Munoz v. PHH Corp.*, 2013 WL 684388, at *4 (E.D. Cal. Feb. 22, 2013). Where government entities have looked into the same matters at issue in this case, documents related to or produced in those investigations are relevant here and thus discoverable. The Court is persuaded to this holding by the rationale set forth in the *Munoz* case, which was cited by Plaintiff at the hearing. *See id.* (allowing discovery of documents Defendants provided to the Consumer Financial Protection Bureau during a government investigation, where the civil lawsuit at issue was predicated on the same wrongful conduct).

4. With respect to Request for Production #20 regarding all documents related to websites mentioning AARP Medigap policies, Plaintiff's Motion is **MOOT** because the Request has been withdrawn.

5. With respect to Request for Production #4, #5, #7, #30, #32, and #33 regarding total premiums and royalty payments for AARP Medigap policies, Plaintiff's Motion is **MOOT** because Defendants have provided the requested information to Plaintiffs.

Accordingly, it is therefore,

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel, [D.E. 68], is **GRANTED IN PART AND DENIED IN PART** as set forth above. Defendants shall produce responsive documents to Plaintiff or file a written memorandum updating this Court as to the status of good faith efforts made to facilitate and complete such production no later than **Monday, October 8, 2018.**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 19th day of September, 2018.

*Shaniek Maynard*
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE